UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DREAM AVIATION LLC,,

Plaintiff,

v.

PHOENIX RISING AVIATION INC,

Defendant.

Case No. 25-cv-1121-TC-JBW

# ORDER

This matter is before the Court on the parties' Joint Motion to Extend Scheduling Order Deadlines (Dkt. 34). The parties request 120-day extensions of the unexpired Scheduling Order deadlines related to expert disclosures, discovery completion, submission of the proposed pretrial order, the pretrial conference setting, and filing dispositive and *Daubert* motions. They do not request an extension of the current trial setting and instead state that they "seek to maintain the October 5, 2027 trial setting." In support of the motion, the parties state the extensions are needed so they may "conduct appropriate discovery and devote time and resources to the continuation of informal settlement efforts while Defendant's Motion to Dismiss remains pending." This is the parties' second request for an extension of these same Scheduling Order deadlines. As explained below, the parties' motion is denied without prejudice.

A scheduling order "may be modified only for good cause and with the judge's consent."[1] The court is afforded broad discretion in determining whether to modify a scheduling order.[2] To

[1] Fed. R. Civ. P. 16(b)(4).

[2] *Thornhill v. Ethicon, Inc.*, No. 24-2077-DDC-ADM, 2024 WL 4664278, at *1 (D. Kan. Nov. 4, 2024).

show good cause for the requested modification, the moving party must provide an adequate explanation for the delay and show that the scheduling order deadlines, despite the movant's diligent efforts, cannot be met.[3] "Good cause is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party."[4] However, carelessness and "failure to proceed with the normal process of discovery does not typically equate to good cause under Rule 16."[5]

Applying this standard, the Court finds the parties have not shown good cause for the requested additional 120-day extensions of the Scheduling Order deadlines. Plaintiff filed this case on June 10, 2025 and filed an Amended Complaint (Dkt. 4) on October 6, 2025. Defendant filed a motion to dismiss (Dkt. 6) on December 15, 2025. The Court held a scheduling conference on February 5, 2026 and entered a Scheduling Order (Dkt. 15) on February 6, 2026, which gave the parties approximately seven months for discovery.

On May 7, 2026, the parties participated in formal private mediation but did not come to a resolution.[6] On June 2, 2026, the parties filed a joint motion requesting 90-day extensions of the Scheduling Order deadlines for expert-related disclosures, discovery, submitting the proposed pretrial order, the pretrial conference, and filing dispositive motions. The parties' reason for the extensions was "so that the Parties may devote their time and resources to the continuation of

---

[3] *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014)).

[4] *Id.* (quoting 3 Moore's Federal Practice § 16.14[1][b] (3d ed. 2019)).

[5] *McPhaul v. Coll. Hills Opco, LLC*, No. 24-1143-JWB-BGS, 2025 WL 2229971, at *3 (D. Kan. Aug. 5, 2025).

[6] *See* ADR Report (Dkt. 34).

informal settlement efforts while Defendant's Motion to Dismiss remains pending."[7] The parties further stated that a close family member of counsel had recently been hospitalized with a serious condition and counsel anticipated this personal matter would require his substantial attention and attendance as it developed.[8] On June 4, 2026, the Court granted the parties' joint motion and entered an Amended Scheduling Order (Dkt. 28) with the new deadlines requested. After entry of the Amended Scheduling Order, Plaintiff served its First Requests for Production and First Interrogatory to Defendant (Dkt. 29) and Defendant filed a notice of its intent to issue a subpoena (Dkt. 32). More recently, after the parties filed this motion, Defendant served its First Set of Interrogatories and First Set of Requests for Production to Plaintiff (Dkt. 35) and filed a notice of its intent to issue subpoenas (Dkt. 36). Other than Defendant's filing of a motion requesting a hearing on the motion to dismiss (Dkt. 30), the docket reflects no other activity since the Amended Scheduling Order was entered.[9]

The Court finds the parties have not shown they made diligent efforts to meet the existing Scheduling Order deadlines in this case. Their asserted reason for the requested extensions, recycled from their first motion, suggests they are holding off proceeding with discovery as they wait for a ruling on the pending motion to dismiss. Defendant's motion for oral argument on the motion to dismiss also indicates the parties have agreed to delay discovery until the Court rules on

---

[7] Mot. (Dkt. 27) at 3.

[8] *Id.*

[9] The parties are required by D. Kan. Rule 26.3(b) to file certificates of service at the time of service of any discovery requests or responses stating the type of "discovery or response served, the date and type of service, and the party served."

Defendant's motion to dismiss.[10] The docket further confirms the parties have made minimal efforts to pursue discovery since the original Scheduling Order was entered nearly seven months ago. The Court thus concludes the parties have not demonstrated diligence in attempting to meet the current case deadlines.

Nor do the parties provide an adequate explanation for their delay. Waiting on the Court to rule on a dispositive motion does not constitute good cause for yet another lengthy extension of the case deadlines. Because the parties have not shown that they made diligent efforts to meet the existing case deadlines and because they provide no adequate explanation for their delays, the Court finds they have not demonstrated the "good cause" necessary to modify the Scheduling Order deadlines a second time under Rule 16(b)(4). The parties' Joint Motion to Extend Scheduling Order Deadlines is therefore denied but without prejudice to the filing of another motion that requests significantly shorter extensions and sets forth the parties' proposals for meeting those new deadlines. The Court also notes that despite the parties' statement that they "seek to maintain the October 5, 2027 trial setting," any extension of the deadline to file dispositive motions will likely result in a necessary extension of the trial setting as well.

**IT IS THEREFORE ORDERED** that the parties' Joint Motion to Extend Scheduling Order Deadlines (Dkt. 34) is DENIED without prejudice.

IT IS SO ORDERED.

Dated August 27, 2026, at Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge

---

[10] Def.'s Mot. for Hr'g (Dkt. 30) at 2 ("Despite the additional time afforded by the Amended Scheduling Order, resolution of [Defendant's] Motion to Dismiss, or alternative request to transfer the action, is necessary before the Parties expend substantial time and resources conducting discovery and engaging in motion practice before this Court.").